

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. F. Kieke
County Attorney
Lee County
Giddings, Texas

Dear Sir:

Opinion No. O-4252
Re: Construction of Article 666-15a-1,
Vernon's Annotated Texas Penal
Code.

Your request for opinion has been received and carefully considered by this department. We quote from request as follows:

"The Commissioner's Court passed an order requiring the Package Stores to pay a tax of $35.00 per year under Article 666- 15a1, Vernon's 1925 Revised Civil Statutes of the State of Texas. This is not 1/2 of the fees charged by the State.

"The Auditor contends that the County must either levy 1/2 of the State fee or else nothing. That they are not permitted to charge some arbitrary amount.

"The language of the Statute is '--The Commissioners Court of each county in this State shall have the power to levy and collect from each person . . . a fee equal to one-half of the State fee'. Further on, with reference to Cities, the Statutes read, that the City shall have the power to levy and collect ' a fee not to exceed one-half of the State fee'.

"It seems to be the contention of the Auditor that, due to the language used in connection with the authority of the City to levy and collect not to exceed 1/2 of the State fee, it is implied that it is mandatory for the county to levy a fee 'Equal to one-half of the State fee' if it levies any at all.

.."I can find no authorities to substantiate either his or the Commissioner's Court contention, but as it is optional with the commissioner's court to levy a fee at all, it is my opinion that the intent is to leave it to the Commissioner's Court whether they want to levy any at all and as to how much they want to levy, so long as they do not exceed 1/2 of the State levy.

"We should like to have an opinion from your department."

Article 666-15a-1, Vernon's Annotated Texas Penal Code, reads as follows:

"Art. 666-15al. Commissioners Courts and cities and towns authorized to levy fee on certain permittees; permits displayed; penalty

"Except as to Agent's, Industrial, Carrier's Private Carrier's, Local Cartage, and Storage Permits, and as to such Wine and Beer Retailer's Permits as shall be issued to operators of dining, buffet, or club cars, and Class 'B' Winery Permits, the Commissioners Court of each county in this State shall have the power to levy and collect from every person that may be issued a permit hereunder in said county a fee equal to one-half of the State fee; and the city or town wherein the permittee is domiciled shall have the power to levy and collect a fee not to exceed one-half of the State fee, but no other fee or tax shall be levied by either. Nothing herein contained shall be construed as preventing the levying, assessing, and collecting of general ad valorem taxes on the property of said persons. All permits shall be displayed in a conspicuous place at all times on the licensed premises. Any permittee or licensee who engages in the sale of any alcoholic beverage without having first paid the fees which may have been levied by the county or city as herein provided shall be quilty of a misdemeanor and upon conviction shall be fined not less than Ten Dollars ($10) nor more than Two Hundred Dollars ($200). Acts 1935, 44th Leg., 2nd C.S., p. 1795, ch. 467, Art. 1, § 15al, as added Acts 1937, 45th Leg., p. 1053, ch. 448, § 17."

Honorable M. F. Kieke, Page 3

   The Courts have not yet passed on this question. However, this department passed on this identical question on July 10th, 1935, in an opinion written by Honorable C. M. Kennedy, Assistant Attorney General, recorded in Volume 365, Pages 612 and 613, Letter opinions of the Attorney General, holding that the County could levy a fee of one-half of the State fee or nothing.

   We have reached the conclusion that this holding is erroneous and we hereby overrule the same.

   It seems reasonable and logical that the greater power would include the lesser power and we see no logical reason why the Commissioners' Court in their discretion would not have the power to levy a fee less than one-half the State fee. It would seem that reason and common sense would not require the Commissioners' Court to levy a greater fee than they thought was necessary.

   It is therefore our opinion that you have correctly answered the question.

        Very truly yours

       ATTORNEY GENERAL OF TEXAS

APPROVED DEC 10, 1941

/s/ Grover Sellers

       By

FIRST ASSISTANT         Wm. J. Fanning
ATTORNEY GENERAL         Assistant

WJF:mp

   This opinion considered and approved in limited conference